**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Phone: 301-344-0600
Fax:    301-344-0019

JAMES WYDA  
FEDERAL PUBLIC DEFENDER

JULIE L.B. JOHNSON  
APPELLATE ATTORNEY

December 9, 2014

R. J. Warren, Deputy Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, Virginia  23219

Re:    14-1 *Jorge Torrez v. United States*

Dear Mr. Warren:

I am writing to follow-up on our conversation from December 5, 2014, regarding the briefing schedule in the above-captioned case. As you know, this case is a direct appeal from a judgment of the United States District Court for the Eastern District of Virginia, convicting Mr. Torrez of first-degree murder, and sentencing him to death. Following judgment, this Court initially appointed Mr. Torrez's trial attorneys (Robert Lee Jenkins, Jr. and William Collin Brennan, Jr.) as appellate counsel for Mr. Torrez. Messrs. Jenkins and Brennan subsequently moved to withdraw and to have substitute counsel appointed. By Order dated July 28, 2014, this Court granted the motion, relieved trial counsel, and appointed Robert Edward Lee, Jr. and the Office of the Federal Public Defender for the District of Maryland to represent Mr. Torrez on appeal. [1]  Neither Mr. Lee nor the Maryland Federal Public Defender's Office represented Mr. Torrez in the district court.

As is often the case with capital appeals, the record in this case is voluminous. There are more than 400 entries on the docket. Many consist of lengthy pleadings and orders, including a number of pleadings and orders that have been filed under seal. In part because the aggravators charged in Mr. Torrez's case involved serious crimes and serious allegations of other criminal conduct, the volume of discovery and other record material is very substantial, including more than a terabyte of electronic records, and an estimated 3,300 pages of transcripts. Since being

---

[1] The Office of the Federal Public Defender for the Eastern District of Virginia could not be appointed to represent Mr. Torrez because of a conflict that had previously led to their withdrawal from the case, and to the appointment of Messrs. Jenkins and Brennan. The Office of the Federal Public Defender for the District of Maryland volunteered to accept the appointment so as to provide cost-effective appellate representation of Mr. Torrez in this important and complex case.

R. J. Warren, Deputy Clerk
December 9, 2014
Page 2

appointed, counsel have acted diligently to identify, obtain copies of, and begin preliminarily reviewing the ECF filings, exhibits, and other record material from the district court and the various trial counsel who represented Mr. Torrez in the district court.  In doing so, however, we have discovered that there remain a number of record items that must be unsealed, corrected, or obtained in order for the record on appeal to be complete and for Mr. Torrez's appeal to go forward.

Accordingly, on December 8, 2014, appellate counsel filed in the district court a motion to obtain a complete record on appeal pursuant to Federal Rule of Appellate Procedure 10(e).  It details the various portions of the record that are incomplete and the numerous items that need to be unsealed, corrected, or obtained.  Counsel also have filed a motion to obtain access to and copy a complete set of exhibits from the various pre-trial hearings, trial, and sentencing.  Counsel believe these motions have identified and requested from the district court all the additional parts of the record that are necessary for appeal.  If a review of the remaining trial transcripts reveals the need to obtain additional items, counsel will promptly advise the Court of Appeals.

Counsel make this request because of the well-established importance of a complete and accurate record, essential in any appeal, and especially crucial in a capital case.  In *Dobbs v. Zant*, 506 U.S. 357 (1993), the Supreme Court vacated and remanded because of an appellate court's failure to consider the full sentencing transcript.  The Court stated: "We have emphasized before the importance of reviewing capital sentences on a complete record."  *Id.* at 558.  Such review is a critical "'safeguard against arbitrariness and caprice.'"  *Id., quoting Gregg v. Georgia*, 428 U.S. 153, 167 (1976).  The A.B.A. Guidelines also reflect this imperative:

> [C]ounsel should ensure that there is a complete record respecting all claims that are made, including objections, motions, statements of grounds, questioning of witnesses or venire members, oral and written arguments of both sides, discussions among counsel and the court, evidence proffered and received, rulings of the court, reasons given by the court for its rulings, and any agreements reached between the parties . . . . counsel at all stages of the case must determine independently whether the existing official record may incompletely reflect the proceedings.

A.B.A. Guidelines for the Appointment and Performance of Counsel in Death Penalty Case, Guideline 10.8, Commentary (rev. 2003).

Because counsel cannot go forward with the briefing process while a significant number of important items are missing from the record, unavailable to counsel, or both, Mr. Torrez requests that the Court defer issuing a briefing schedule until the district court acts on his motions and the record is complete.  At that point, Mr. Torrez proposes that a merits briefing schedule be set.  Counsel will, of course, timely apprise this Court when their motions have been determined by the district court and the records sought therein have been obtained.  In the

R. J. Warren, Deputy Clerk
December 9, 2014
<u>Page 3</u>

interim, counsel propose providing a status report within 60 days of this letter on the status of their requests so that the Court remains informed of the status of counsel's efforts to complete the record.

  Counsel for Mr. Torrez have consulted with counsel for the government, James L. Trump, who has kindly indicated that he does not oppose this request.

  Thank you for your consideration in this matter.

              Respectfully submitted,


              JAMES WYDA
              Federal Public Defender

              /s/ Julie L.B. Johnson

              JULIE L.B. JOHNSON
              Appellate Attorney
              6411 Ivy Lane, Suite 710
              Greenbelt, Maryland 20770
              (301) 344-0600


              ROBERT LEE
              Virginia Capital Representation Resource Center
              2421 Ivy Road, Suite 301
              Charlottesville, Virginia 22903
              (434) 817-2970


              Counsel for Appellant